UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN R. SUNDBECK,

       Plaintiff,                       Hon. Janet T. Neff

v.                                            Case No. 1:12-cv-00127

JEFFREY P. BRAMBLE,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This is a Manistee County Friend of the Court matter removed to this Court pursuant to 28 U.S.C. § 1443. On January 26, 2010, Plaintiff, Karen Sundbeck, initiated in state court a Request to Reopen Friend of the Court Case. That action appears to have proceeded through the state court system. As part of this particular action, on January 30, 2012, the Honorable James Batzer, Manistee County Circuit Judge, issued a bench warrant for Defendant's arrest. On February 13, 2012, Defendant removed this matter to this Court pursuant to 28 U.S.C. § 1443(1). This particular statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)    Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The purpose of this provision is to "allow[] removal to address the violation of a right to racial equality that is unenforceable in state court." *Kansas v. Morrison*, 242 Fed. Appx. 590, 592 (10th Cir., Aug. 2, 2007) (quoting *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)). The United States Supreme Court long ago articulated a two-part test applicable to removal petitions filed under 28 U.S.C. § 1443. As the Court, in *Johnson v. Mississippi*, 421 U.S. 213 (1975), held:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case."

*Id.* at 219 (internal citations omitted); *see also, Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989); *Westfield Club v. Dominique*, 2007 WL 2904051 at *3 (W.D. Mich., Oct. 1, 2007); *Chandler v. Hansen*, 2010 WL 2790530 at *3 (D. Ariz., July 14, 2010); *Morrison*, 242 Fed. Appx. at 592.

Defendant satisfies neither of these requirements. Moreover, the Court discerns no other basis on which this matter may properly be removed to this Court. Plaintiff's state court complaint asserts no claim over which this Court has original jurisdiction and Defendant is a citizen

of Michigan, the state in which Plaintiff's state court action was initiated. *See* 28 U.S.C. § 1441. Moreover, to the extent that Defendant is attempting to challenge in this Court the result of the state court proceeding, the Court lacks jurisdiction over such. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Defendant bears the burden to establish that removal is appropriate and "all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). Defendant has failed to meet his burden.

In sum, while the Court may not sua sponte remand a matter for a procedural defect in the removal process, it may sua sponte remand to state court a matter over which it lacks subject matter jurisdiction. *See, e.g., Balzer v. Bay Winds Federal Credit Union*, 622 F.Supp.2d 628, 629-32 (W.D. Mich. 2009). For the reasons articulated above, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends that this matter be remanded to state court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this matter be remanded to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: March 14, 2012  /s/ Ellen S. Carmody
 ELLEN S. CARMODY
 United States Magistrate Judge